HUYLER'S, PLAINTIFF, v. RITZ-CARLTON RESTAURANT AND HOTEL COMPANY OF ATLANTIC CITY, DEFEND-ANTS.

Decided February 20, 1923.

**Contracts—Breach of—Adequacy of Award of Jury—Evidence of.**

For the plaintiff, *Roger Hinds* and *Robert H. McCarter*.

For the defendant, *Bourgeois & Coulomb*.

Per Curiam.

This is an action for damages caused to the plaintiff by the defendant's breach of its covenant to erect a building on the boardwalk at Atlantic City and put the plaintiff in possession of a store in the Ritz-Carlton hotel building under a written lease. The breach is not denied.

The jury found a verdict for $20,000, and the plaintiff on this rule seeks to set it aside as inadequate. Our examination leads us to the conclusion that we should not be justified in interfering with the verdict of the jury solely because of its amount. We think, however, there were trial errors relating to the evidence which may have affected the plaintiff injuriously and probably did so.

The defendant was permitted to ask the witness Huyler, "Did it ever occur to you that in view of the fact that this store was not built, and they told you it couldn't be built, that you should lessen the damage to you as much as possible," to which the witness replied, "I had expressed my opinion all the way through of my desire to lessen the damage in every way possible by taking over the store even at serious detriment to ourselves. I had expressed that all the way through." We think that the effect of permitting that question was to lead the jury to believe that there was some duty on the part of Huyler's and that for failure to perform its duty the damages should be abated. Inasmuch as the plaintiff was entitled

to have his contract performed, and it is not suggested that there is anything else he could do that would answer his purpose, we think the question was harmful.

There is nothing to show that a smaller store than that agreed upon was practical for the plaintiff's purpose. He was not bound to accept the store next to the corner, as it is called, if he did not think it adequate. The suggestion in the argument that because the defendant broke its contract, Huyler's was under some obligation to make a contract for different premises we think cannot be considered.

There is another trial error which perhaps is even more harmful. The defendant was allowed to show that it did not have the money to build the proposed hotel and that the estimated cost was $3,100,000; that after the defendant had learned that such was the cost they arranged for a loan and found that in the meantime the rise in the market had made the probable cost $3,750,000, so that the loan for which they had arranged would not be sufficient to erect the proposed buildings. The jury could not have failed to infer upon the admission of this evidence that it had something to do with the defendant's liability, and the most natural and perhaps the only inference they could draw would be that its liability on the contract was ended or reduced in an amount by the inability of the defendant to finance the scheme. No doubt many a contractor who has made a contract which turns out unfortunately would have the same excuse, but we think it never has been held that one was excused from the performance of his contract or from paying the damages to which he had subjected the other contracting party merely because of his own financial inability. That doctrine would open the door wide and we do not know what limit could be put upon evidence of that character. Would he be held to full liability if the difference between the cost and his financial ability was only five per cent. and not held if it was fifty per cent.? We see no difference in principle in the two cases.

These errors require us to make the rule absolute.